## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARGARET COURTNEY KERN and ESTATE OF CRAIG KERN,<br><br>                              *Plaintiffs*,<br><br>         v.<br><br>LISA BERRONE QUINN and EDWARD QUINN,<br><br>                              *Defendants*. | CIVIL ACTION<br>NO. 20-03105 |

**PAPPERT, J.**                                                      **February 18, 2021**

### MEMORANDUM

Margaret Courtney Kern sued her parents, Lisa Berrone Quinn and Edward Quinn, in the Eastern District of Pennsylvania in June of 2020.  (Compl. ¶¶ 1, 3, 4, 6, ECF No. 1.)  Defendants move to dismiss the Complaint under Rule 12(b) for lack of personal jurisdiction, lack of subject-matter jurisdiction and insufficient service of process.  (Mot. to Dism. 1, ECF No. 4-1.)  The Court grants the Motion because it lacks personal jurisdiction over Defendants.

I

Kern lives in Paoli, Pennsylvania and claims that her parents live in Litchfield Park, Arizona, though they insist they have resided in Panama since 2017.  (Compl. at ¶¶ 1–4); (Mot. to Dism. at 4.)  Kern alleges that beginning around March of 2017 her parents engaged in a series of actions to interfere with her marriage and her custody of her two children.  *See* (Compl. at ¶¶ 6, 9, 20).  Although the Complaint lacks clarity and specificity, to the best of the Court's understanding all of the conduct alleged in the Complaint occurred in Arizona or Panama.  The Complaint references Pennsylvania

1

only three times: (1) to establish Plaintiff's residence; (2) to explain that Plaintiff's first child was born in Pennsylvania and lived there for six years before moving to Arizona then Panama; and (3) to claim that Kern wanted her deceased husband's estate to adopt her first-born son under Pennsylvania or Arizona law.  (*Id.* at ¶¶ 5, 13, 15.)

Defendants move to dismiss the Complaint, arguing, *inter alia*, that the Court lacks personal jurisdiction over them.  (Mot. to Dism. at 6–9.)  They contend that none of the conduct alleged in the Complaint occurred while they or Kern were in Pennsylvania and that neither they nor Kern lived in Pennsylvania at the time.  (*Id.*)  Plaintiff's lone response to these claims is that Defendants have maintained contact with her in Pennsylvania through phone calls, text messages and e-mails during this litigation.  *See* (Resp. to Mot. ¶ 3, ECF No. 7-1); (Certification of Kern ¶ 6, ECF No. 7-2).

## II

In reviewing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), a court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).  If no evidentiary hearing is held on the motion to dismiss, the plaintiff need only make a *prima facie* showing of personal jurisdiction.  *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007).  A plaintiff satisfies this *prima facie* standard by presenting facts that, if true, would permit the Court to exercise personal jurisdiction over the defendant.  *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 418–19 (E.D. Pa. 2005).

However, when a defendant challenges a court's personal jurisdiction, the plaintiff must then establish its existence.  *O'Connor*, 496 F.3d at 316.  The plaintiff

"bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state." *Provident Nat'l Bank v. California Fed. Sav. & Loan Assoc.*, 819 F.2d 434, 437 (3d Cir. 1987) (citing *Gehling v. St. George's Sch. of Medicine, Ltd.*, 773 F.2d 539 (3rd Cir. 1985)).  "To meet this burden, the plaintiff must establish either that the particular cause of action sued upon arose from the defendant's activities within the forum state ('specific jurisdiction') or that the defendant has 'continuous and systematic' contacts with the forum state ('general jurisdiction')." *Id.* (citation omitted).  The plaintiff may not "rely on the bare pleadings alone in order to withstand a defendant's . . . motion to dismiss" for lack of personal jurisdiction; instead, the plaintiff must present "competent evidence," such as sworn affidavits, to support its jurisdictional allegations. *Action Mfg.*, 375 F. Supp. 2d at 418. The plaintiff must respond to the defendant's motion with "actual proofs"; "affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the inquiry." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66, n.9 (3d Cir. 1984).

Under Federal Rule of Civil Procedure 4(k), a district court typically exercises personal jurisdiction according to the law of the state where it sits. *See O'Connor*, 496 F.3d at 316.  Pennsylvania's long-arm statute permits courts to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States and . . . based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States."  42 PA. C.S.A. § 5322(b).  To exercise personal jurisdiction over the Defendants, the Court must therefore determine whether, under the Due Process Clause, the Defendants have "certain minimum contacts

3

with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316–17 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

III

Defendants support their Motion with certifications in which they attest that they have not resided in Pennsylvania since 2015 and do not maintain continuous, substantial or systemic contacts with Pennsylvania.  (Certification of Lisa Berrone Quinn ¶¶ 9–15, ECF No. 4-4); (Certification of Edward Quinn ¶¶ 9–15, ECF No. 4-5.) Edward Quinn notes that, although he occasionally travelled to Pennsylvania for business in the past, he has not done so in the last two years.  (Certification of Edward Quinn at ¶ 11.)

Instead of "establishing with reasonable particularity sufficient contacts between the defendant and the forum state," Kern's Complaint and certification undermine the Court's exercise of personal jurisdiction over Defendants.  *Provident Nat'l Bank*, 819 F.2d at 437.  She insists that Defendants are not residents of Pennsylvania and makes no effort to claim that any of the conduct in the Complaint occurred in Pennsylvania. *See* (Compl. at ¶¶ 3–4); (Certification of Kern at ¶ 3).  To support personal jurisdiction, Kern claims only that she has "received many phone calls and texts from Edward Quinn and Lisa Quinn, many of which referenced the lawsuit."  (Certification of Kern at ¶ 6.)  Those minimal contacts, apparently received after commencement of this case, cannot establish either general or specific personal jurisdiction over Defendants. Allowing Kern to maintain this suit against Defendants in Pennsylvania would "offend

traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316 (citation omitted).

IV

"Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. "Normally transfer will be in the interest of justice because dismissal of an action that could be brought elsewhere is time-consuming and justice-defeating." *Lawman Armor Corp. v. Simon*, 319 F. Supp. 2d 499, 507 (E.D. Pa. 2004). Despite this general rule, transfer is not in the interest of justice in this case. For one, Kern's Complaint and certification do little to show where personal jurisdiction over Defendants would exist for these claims. Defendants certified that they have lived in Panama—not Arizona—since 2017. (Certification of Lisa Berrone Quinn at ¶¶ 6–8, 16); (Certification of Edward Quinn at ¶¶ 6–8, 16.) Kern offers no evidence to rebut these claims. Instead, she states without any factual support that: "It seems to be clear that the Defendants are citizens of Arizona. As the address at 13271 West Monterey Way, Litchfield Park, Arizona 85340, is the home and main residence of the Defendants." (Resp. to Mot. at ¶ 4.) She attempts to support this conclusion by saying that Defendants' daughter has lived at the 13271 West Monterey Way home for "a substantial period of time." (*Id.*) But the fact that Defendants' adult daughter lives at that address does not mean Defendants do. Finally, she claims Defendants' business "was formed in Arizona." (*Id.*) Needless to say, where

5

Defendants once formed a business is irrelevant to the issue of where they currently live.

Kern's Complaint also does little to suggest that a significant portion of the conduct forming the basis for her claims occurred in Arizona. The allegations in the Complaint lack specificity, making it difficult for the Court to determine whether the Defendants' alleged actions occurred in Arizona, Panama or somewhere else. For example, Kern claims that in June of 2017 she gave in to Defendants' demands and sought a protective order against her husband. (Compl. at ¶ 6.) She alleges that the Tempe Arizona Police Department investigated her claims, suggesting she was in Arizona at the time. (*Id.*) Then around October of 2017, Kern appears to have joined her parents in Panama. (*Id.*) After that, her only contact with Arizona appears to have occurred in March of 2018 when she returned to face trial for making false allegations against her husband. (*Id.* at ¶ 8.) The Complaint's vague allegations prevent the Court from concluding with any certainty that personal jurisdiction over Defendants exists in Arizona.

Finally, transferring this case is not in the interest of justice because Kern has not even properly served Defendants. Kern attempted service on Defendants on October 9, 2020, one hundred and five days after filing the Complaint. *See* (ECF Nos. 1–3). She provides no explanation for this late service attempt. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). Even if her attempted service were timely, she failed to adequately serve

6

Defendants in Arizona.  Rule 4(e)(2) provides that an individual may be served in the United States by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  Kern's process server attempted service on Defendants' daughter at her home.  (ECF Nos. 2–3.)  That daughter explained that Defendants live in Panama and "only reside at [that] house for a month or two out of the year."  (*Id.*)  Kern fails to establish that the Defendants live at that address or that they authorized their daughter to receive service on their behalf.

Although the Court will not transfer this case it will dismiss the Complaint without prejudice, so Kern is free to pursue her claims in a proper forum.

An appropriate order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT,

7